**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| In re: STEVEN MARC WEINBERG and DANA GRETTY WEINBERG,<br><br>Debtors.<br>_____<br><br>RICHARD EUGENE ONEY and ERIN K. COX-ONEY,<br><br>Plaintiffs - Appellants,<br><br>v.<br><br>STEVEN MARC WEINBERG and DANA GRETTY WEINBERG,<br><br>Defendants - Appellees. | No. 09-60033<br><br>BAP No. AZ-08-1281-PaDMo<br><br>MEMORANDUM [*] |

Appeal from the Ninth Circuit Bankruptcy Appellate Panel
Jim D. Pappas, Randall L. Dunn, and Dennis Montali, Bankruptcy Judges,
Presiding

Submitted December 10, 2010
San Francisco, California

_____

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Before: HAWKINS and N.R. SMITH, Circuit Judges, and PRO,[**] District Judge.

Appellants Richard Oney and his wife Erin Cox-Oney ("Oneys") appeal the Bankruptcy Appellate Panel's decision affirming the bankruptcy court. The Oneys contended the bankruptcy court erred by finding that certain post-insolvency payments did not violate the trust fund doctrine under Arizona law, by allowing Appellants Steven and Dana Weinberg ("Weinbergs") to retain more than their pro-rata portion of trust assets, and by granting prejudgment interest from the date of the bankruptcy court's order.

We review the bankruptcy court's conclusions of law *de novo*, and review its findings of fact for clear error. *In re Reynoso*, 477 F.3d 1117, 1120 (9th Cir. 2007). We review the grant or denial of prejudgment interest under state law for an abuse of discretion. *Champion Produce, Inc. v. Ruby Robinson Co., Inc.*, 342 F.3d 1016, 1020 (9th Cir. 2003). We affirm.

The bankruptcy court made factual findings that the transfers challenged on appeal constituted reasonable compensation for the Weinbergs' efforts in winding down Weinberg Cummerford Legal Group, P.C. ("WLG"). Those findings are not clearly erroneous. Further, the Oneys are not entitled to recover more than their

---

[**] The Honorable Philip M. Pro, United States District Judge for the District of Nevada, sitting by designation.

pro rata share under Arizona's trust fund doctrine. *Dawson v. Withycombe*, 163 P.3d 1034, 1057-58 (Ariz. App. 2007); *A.R. Teeters & Assocs., Inc. v. Eastman Kodak Co.*, 836 P.2d 1034, 1043 & n.1 (Ariz. App. 1992).

Finally, the bankruptcy court did not abuse its discretion in awarding prejudgment interest from the date of its August 27, 2008 order because the amount of damages was not liquidated until the bankruptcy court determined the date of WLG's insolvency and determined the value of the Weinbergs' work at WLG after WLG became insolvent. Until the bankruptcy court made these factual determinations, the Weinbergs could not have computed the precise amount they owed the Oneys under the trust fund doctrine. *Gemstar Ltd. v. Ernst & Young*, 917 P.2d 222, 237-38 (Ariz. 1996); *Pueblo Santa Fe Townhomes Owners' Ass'n, Inc. v. Transcon. Ins. Co.*, 178 P.3d 485, 496 (Ariz. App. 2008).

AFFIRMED.