FILED

DEC 10 2015

SUSAN M. SPRAUL, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

**NOT FOR PUBLICATION**

**UNITED STATES BANKRUPTCY APPELLATE PANEL**

**OF THE NINTH CIRCUIT**

| | |
|---|---|
| In re: | BAP No.   EC-14-1200-FDJu |
| ROBERT NORIK KITAY and TRISTINA COFFIN KITAY, | Bk. No.   13-20645 |
| Debtors. | Adv. Pro. 13-02126 |
| DANIEL E. GONZALEZ, | |
| Appellant, | |
| v. | **MEMORANDUM**[*] |
| ROBERT NORIK KITAY; TRISTINA COFFIN KITAY; LAW OFFICES OF ROBERT NORIK KITAY, | |
| Appellees. | |

Argued and Submitted on November 19, 2015
at Sacramento, California

Filed – December 10, 2015

Appeal from the United States Bankruptcy Court
for the Eastern District of California

Honorable Thomas C. Holman, Bankruptcy Judge, Presiding

---

Appearances:   Appellant Daniel E. Gonzalez argued pro se.

---

Before: FARIS, DUNN, and JURY, Bankruptcy Judges.

---

   [*] This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have (see Fed. R. App. P. 32.1), it has no precedential value. See 9th Cir. BAP Rule 8024-1.

**INTRODUCTION**

Appellant Daniel E. Gonzalez appeals from the bankruptcy court's order granting in part and denying in part Appellees Robert Norik Kitay's and Tristina Coffin Kitay's[1] motion to set aside default. We hold that the bankruptcy court did not err in granting Mr. Gonzalez default judgment against Mr. Kitay in the amount of $5,000 as a nondischargeable debt pursuant to 11 U.S.C. § 523(a)(4)[2] and dismissing the remainder of Mr. Gonzalez's claims. Accordingly, we AFFIRM.

**FACTUAL BACKGROUND**

Beginning in January 2010, Mr. Gonzalez retained Mr. Kitay, an attorney, to represent him and his daughter, Christina, in numerous state court actions. Those cases involved an automobile accident, alleged wrongful foreclosure, and a probate collection matter. Mr. Gonzalez alleged that, during the course of his representation, "Mr. Kitay committed professional negligence, fraudulent concealments, and misrepresentations." Mr. Kitay responded in kind, claiming that Mr. Gonzalez engaged in "several acts of fraud and dishonesty . . . , all of which led me to sever all ties with Mr. Gonzalez as a client . . . . Over time, it became clear that all his personal cases that he brought to me presented multiple acts of fraud, dishonesty, and a complete lack

---

[1] The Kitays did not file an answering brief or otherwise make an appearance in this appeal.

[2] Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, all "Rule" references are to the Federal Rules of Bankruptcy Procedure, Rules 1001-9037, and all "Civil Rule" references are to the Federal Rules of Civil Procedure, Rules 1-86.

2

of ethics or morality."[3]

On October 29, 2012, Mr. Gonzalez filed a complaint against Mr. Kitay in the Superior Court of California, County of Sacramento ("state-court action"). Mr. Gonzalez alleged that Mr. Kitay breached the agreement to provide legal services by "acting incompetent and failing or refusing to conduct proper and timely discovery, prosecute, investigate, and research, and in abandoning client." He claimed that he

> suffered judgments for attorney fees in the amount of $48,000, negligent or intentional emotional distress, incurred over $12,000 in attorney fees and costs to correct the negligence of [Mr. Kitay], and will incur additional attorney fees in an amount not yet ascertained, but in excess of $50,000 including appeals and trial. [I]n addition, plaintiff claims damages in the amount of $140,000 or more for restitution.

The aggregate amount claimed by Mr. Gonzalez was $250,000 plus attorneys' fees.

On January 17, 2013, Mr. and Mrs. Kitay filed their chapter 7 petition in the United States Bankruptcy Court for the Eastern District of California. The Kitays' Schedule F identified Mr. Gonzalez as a creditor with an unsecured, nonpriority claim of $250,000 for the state-court action.

Mr. Gonzalez initiated an adversary proceeding against Mr. Kitay and the Law Offices of Robert N. Kitay, PC, on or around April 15, 2013. Mr. Gonzalez objected to discharge under §§ 727(a)(3) and 727(a)(4)(a) and sought a determination as to

---

[3] Not all facts discussed herein are included in the excerpts of record. We have exercised our discretion to review the bankruptcy court's docket. See Woods & Erickson, LLP v. Leonard (In re AVI, Inc.), 389 B.R. 721, 725 n.2 (9th Cir. BAP 2008).

3

dischargeability of the debt arising from the state-court action under §§ 523(a)(2)(A), 523(a)(4), and 523(a)(6).

Mr. Kitay filed an answer to Mr. Gonzalez's complaint, but the bankruptcy court struck Mr. Kitay's answer for his failure to comply with the court's order to meet and confer with Mr. Gonzalez on issues including initial disclosures, settlement, and a discovery plan. The court issued its Entry of Default and Order re: Default Judgment Procedures, in which it directed Mr. Gonzalez to apply for a default judgment.

Mr. Gonzalez filed his Motion for Entry of Default Judgment, in which he requested that the bankruptcy court enter default judgment against Mr. Kitay based on his failure to properly represent him and his daughter in the various state-court lawsuits. Mr. Gonzalez stated that he paid Mr. Kitay and his law firm "over $2,500 in attorney's fees" in a wrongful foreclosure case and "over $2,500 for legal services" in two consolidated cases regarding a probate collection matter.

The bankruptcy court granted in part and denied in part the Motion for Entry of Default Judgement. It stated that Mr. Gonzalez shall recover $5,000 plus costs from Mr. Kitay, the total of which shall be nondischargeable pursuant to 11 U.S.C. § 523(a)(4). However, the court denied Mr. Gonzalez's request for entry of default judgment pursuant to 11 U.S.C. §§ 523(a)(2)(A), (a)(6), 727(a)(3) and (a)(4). It dismissed Mr. Gonzalez's claims under Civil Rule 12(b)(6), stating that the allegations in the complaint were insufficient.

The court gave Mr. Gonzalez leave to amend his complaint, stating:

4

On or before November 19, 2013, the plaintiff shall file and serve on both defendants consistent with the requirements of Fed. R. Bankr. P. 7004 an amended complaint. If the plaintiff does not file an amended complaint by the foregoing deadline, the plaintiff's claims under 11 U.S.C. §§ 523(a)(2)(A), (a)(6), 727(a)(3) and (a)(4) will be dismissed without further notice or hearing. Judgment will not be entered until all of the plaintiff's claims, including those that may be asserted in an amended complaint, are resolved.

On November 19, 2013, Mr. Gonzalez filed his First Amended Complaint. The bankruptcy court issued a Reissued Summons and Notice of Status Conference in an Adversary Proceeding the following day.

On November 27, 2013, the bankruptcy court issued a minute order, noting that Mr. Gonzalez had not yet filed proof of service for the First Amended Complaint. The court instructed Mr. Gonzalez to file a proof of service. In response, Mr. Gonzalez filed a notice of compliance in which he stated that he had mailed a copy of the First Amended Complaint to Mr. Kitay on November 19. He attached to the notice a copy of the proof of service affixed to the end of the First Amended Complaint and a U.S. Postal Service receipt dated November 19. Mr. Gonzalez filed a renewed Motion for Entry of Default Judgment on December 3, 2013.

Mr. Gonzalez said that, on December 28, 2013, the complaint was returned to him as undeliverable, and he realized for the first time that he had mailed the First Amended Complaint to the wrong address. He claimed that he had mistakenly used the address listed on the chapter 7 petition. On December 30, Mr. Gonzalez effected personal service on the Kitays at Mr. Kitay's law firm.

5

On January 3, 2014, Mr. Kitay (on behalf of himself and Mrs. Kitay) filed a motion to set aside the entry of default and to dismiss the complaint ("Motion to Set Aside"). In support of the Motion to Set Aside, Mr. Kitay referred to Mr. Gonzalez as a "con-man" and a liar. He raised issues of truthfulness and veracity from Mr. Gonzalez's past, including the suspension of his dental and real estate licenses, allegedly for negligence and fraud. Mr. Kitay claimed that, as working with Mr. Gonzalez on the state cases became more unsavory, he "decided to completely disassociate [himself] from Mr. Gonzalez."[4] Mr. Kitay also disputed that he received $5,000 in retainer payments from Mr. Gonzalez and stated that he only received $1,000 as an initial retainer.

Mr. Kitay argued that the bankruptcy court should not have struck his answer for failing to meet and confer with Mr. Gonzalez. He stated that Mr. Gonzalez never contacted him to meet and confer, and he was never served with any order to meet and confer. Mr. Kitay argued that he tried to cooperate with Mr. Gonzalez on discovery issues, but Mr. Gonzalez never responded to his communications. Mr. Kitay also informed the

[4] For example, Mr. Kitay stated that Mr. Gonzalez "fraudulently filed documents, or pleadings, under counsel's name without counsel's consent." Mr. Gonzalez allegedly filed a chapter 11 petition under Mr. Kitay's name on behalf of a company that Mr. Kitay did not represent. Mr. Gonzalez's subsequent attorney also sought to withdraw as Mr. Gonzalez's counsel for similar reasons. Mr. Kitay also claimed that Mr. Gonzalez "was holding himself out to the public, and charging substantial money (thousands in retainers), representing to his purported 'clients' that he would be able to get their loans re-financing, or modified, and that if he was unable to accomplish that, he would secure counsel on their behalf . . . ."

6

court that he was not served with any pleadings after September 30, 2013, and did not receive the First Amended Complaint until December 30.

In its written disposition entered on January 14, 2014, the bankruptcy court denied Mr. Gonzalez's Motion for Entry of Default Judgment, filed December 3, 2013, since the First Amended Complaint added Mrs. Kitay as a defendant and added additional claims. The court held that the Kitays were entitled to answer the First Amended Complaint. Inexplicably, the Kitays never filed an answer.

On January 28, 2014, Mr. Gonzalez filed his Amended Motion for Entry of Default Judgment.

On April 8, 2014, the bankruptcy court issued its written ruling regarding Mr. Kitay's Motion to Set Aside. The court denied Mr. Kitay's request to vacate the court's August 21, 2013 order striking his answer and entering default and the November 4, 2013 order entering default judgment. However, regarding the request to dismiss the adversary proceeding, the court dismissed all claims without leave to amend, "with the exception of the claim for relief under 11 U.S.C. § 523(a)(4) as to Robert N. Kitay only . . . ."

First, regarding Mr. Kitay's request to vacate the default order and default judgment, the court stated that Mr. Kitay did not satisfy the three-prong test set out in Franchise Holding II, LLC v. Huntington Restaurants Group, Inc., 375 F.3d 922, 925-26 (9th Cir. 2004). The court held that Mr. Kitay did not meet his burden regarding the first prong, i.e., whether default was willful or whether culpable conduct of defendant led to default.

7

The court stated that, even though Mr. Kitay may not have received any communication from Mr. Gonzalez regarding orders to confer, the filing of his answer subjected him to the jurisdiction of the court, and he was required to comply with all court orders. The court also held that Mr. Kitay did not meet the third prong, i.e., whether setting aside default would prejudice the adverse party, since this factor was not addressed in the Motion to Set Aside. However, the court held that Mr. Kitay satisfied the second prong, i.e., whether a meritorious defense has been presented.

Second, regarding Mr. Kitay's request to dismiss the adversary proceeding, the court agreed that Mr. Gonzalez's failure to timely serve the First Amended Complaint warranted dismissal of the remaining claims. It also noted that the new claims against Mrs. Kitay were time-barred and that the remaining claims should be asserted in a proof of claim. Finally, the court found that $5,000 was the proper amount of the nondischargeable debt owed to Mr. Gonzalez.

Also on April 8, 2014, Mr. Gonzalez filed a proof of claim for "$250,000 or more" in the underlying bankruptcy action.

Mr. Gonzalez filed his notice of appeal on April 17, 2014. On April 18, 2014, the bankruptcy court entered its Judgment in Mr. Gonzalez's favor for $5,000 plus $293 in costs and held that those amounts are nondischargeable under § 523(a)(4).[5]

---

[5] On November 12, 2015, Mr. Gonzalez filed his Motion for Judicial Notice, which requested that the Panel take notice of: (1) a case in support of his "liberality of amendment" argument; (2) Mr. Kitay's discovery responses regarding his liability

(continued...)

8

**JURISDICTION**

The bankruptcy court had jurisdiction pursuant to 28 U.S.C. §§ 1334 and 157(b)(1) and (b)(2)(I) and (J). We have jurisdiction under 28 U.S.C. § 158.

**ISSUES**

(1) Whether the bankruptcy court erred in awarding Mr. Gonzalez $5,000 plus costs instead of $250,000.

(2) Whether the bankruptcy court erred in finding that Mr. Kitay had asserted a meritorious defense, even though it found that Mr. Kitay did not satisfy the other two prongs required to set aside the default judgment.

(3) Whether the bankruptcy court erred in dismissing the remaining claims against the Kitays for Mr. Gonzalez's failure to timely serve the amended complaint.

---

[5](...continued)
insurance policy; (3) a case concerning whether the court had constitutional authority to enter a final judgment; (4) a state-court minute order purporting to establish the validity of his dismissed claims; and (5) a disciplinary opinion demonstrating that Mr. Kitay has been suspended for thirty days by the California state bar.

These documents are not appropriate for judicial notice. First, the Panel does not take judicial notice of the cases presented by Mr. Gonzalez, which may be appropriate as case citations or authority, rather than adjudicative facts. Second, the remainder of the documents are irrelevant to the present appeal. See Ly v. Che (In re Ly), 601 F. App'x 494, 496 n.1 (9th Cir. 2015) ("We deny all of the pending requests for judicial notice because all of them seek notice of matters irrelevant to the decision of this appeal."); Santa Monica Food Not Bombs v. City of Santa Monica, 450 F.3d 1022, 1025 n.2 (9th Cir. 2006) (declining to take judicial notice of documents not relevant to resolution of the appeal). Therefore, Mr. Gonzalez's Motion for Judicial Notice is DENIED.

9

**STANDARD OF REVIEW**

"In bankruptcy discharge appeals, the Panel reviews the bankruptcy court's findings of fact for clear error and conclusions of law de novo, and applies de novo review to 'mixed questions' of law and fact that require consideration of legal concepts and the exercise of judgment about the values that animate the legal principles." Oney v. Weinberg (In re Weinberg), 410 B.R. 19, 28 (9th Cir. BAP 2009), aff'd, 407 F. App'x 176 (9th Cir. 2010) (citing Wolkowitz v. Beverly (In re Beverly), 374 B.R. 221, 230 (9th Cir. BAP 2007), aff'd in part & dismissed in part, 551 F.3d 1092 (9th Cir. 2008)).

We review the bankruptcy court's ruling on a motion to set aside a default judgment for abuse of discretion. Sallie Mae Serv., LP v. Williams (In re Williams), 287 B.R. 787, 791 (9th Cir. BAP 2002) (citing United States v. Real Prop., 135 F.3d 1312, 1314 (9th Cir. 1998)). A bankruptcy court abuses its discretion if it applied the wrong legal standard or its findings were illogical, implausible, or without support in the record. See TrafficSchool.com, Inc. v. Edriver Inc., 653 F.3d 820, 832 (9th Cir. 2011).

We review for abuse of discretion the bankruptcy court's dismissal of a complaint for failure to comply with the rules or court order. See Schmidt v. Herrmann, 614 F.2d 1221, 1224 (9th Cir. 1980).

"We do not reverse for errors not affecting substantial rights of the parties, and may affirm for any reason supported by the record." COM-1 Info, Inc. v. Wolkowitz (In re Maximus Computers, Inc.), 278 B.R. 189, 194 (9th Cir. BAP 2002); see

10

28 U.S.C. § 2111; Civil Rule 61, incorporated by Rule 9005.

**DISCUSSION**

While many of Mr. Gonzalez's arguments are unclear, Mr. Gonzalez is proceeding pro se in this appeal, so we will construe the arguments in his brief liberally. See Kashani v. Fulton (In re Kashani), 190 B.R. 875, 883 (9th Cir. BAP 1995).

**A.   The bankruptcy court did not err in awarding Mr. Gonzalez $5,000, rather than $250,000.**

Mr. Gonzalez first assigns error to the bankruptcy court's award of $5,000 plus costs as nondischargeable under § 523(a)(4). He argues that the bankruptcy court erred by failing to apply the rule of "liberality in amendments." He claims that his proof of claim for "$250,000 or more," filed on the same day the bankruptcy court issued its order on the Motion to Set Aside Default, as well as the $250,000 informally requested in the adversary complaint, put the bankruptcy court on notice that he sought recovery of $250,000 from Mr. Kitay. He argues that, because a "[p]roof of claim is prima facie evidence of the validity and amount of claim[,]" the bankruptcy court should have awarded him the entire $250,000 he requested. He requests that the Panel order the $250,000 "paid 'on demand' by the liability policy carrier of attorney/debtor Kitay."

Mr. Gonzalez does not understand that filing a proof of claim in a bankruptcy case is different from, and not a substitute for, filing a complaint and presenting evidence in an adversary proceeding. A party who wishes to share in the distribution from a bankruptcy estate generally must file a proof of claim in the parent bankruptcy proceeding. See Rule 3001;

11

§ 501. A party who wishes to object to the debtor's discharge, or seek a determination of the dischargeability of debt, must file a complaint to commence an adversary proceeding. See Rule 7001; Rule 7003. Filing a proof of claim in the underlying bankruptcy case is separate from any adversary proceeding: "the filing of a proof of claim does not . . . initiate an adversary proceeding." Lyon v. Gila River Indian Cmty., 626 F.3d 1059, 1070 (9th Cir. 2010) (citing Lundell v. Anchor Constr. Specialists, Inc., 223 F.3d 1035, 1039 (9th Cir. 2000)).

The distinction between a proof of claim and a complaint is important in several respects, one of which has to do with the burdens of production and proof. A proof of claim is presumptively valid. Garner v. Shier (In re Garner), 246 B.R. 617, 620 (9th Cir. BAP 2000) ("There is an evidentiary presumption that a correctly prepared proof of claim is valid as to liability and amount."). Anyone who contests the claim must produce evidence sufficient to dispel the presumptive validity of the claim. In an adversary proceeding, however, the plaintiff has the burdens of production and proof. The plaintiff cannot carry or shift that burden by the simple expedient of filing a proof of claim. In other words, the mere filing of a proof of claim does not establish the validity of the claim for the purposes of an adversary proceeding.

Mr. Gonzalez points out that, in appropriate circumstances, an adversary complaint can serve as an informal proof of claim. See Dicker v. Dye (In re Edelman), 237 B.R. 146, 154 (9th Cir. BAP 1999). But the converse is not true. While an adversary complaint can sometimes suffice as an informal proof of claim, a

12

proof of claim cannot suffice as a complaint under Rules 7001 and 7003. The filing of the proof of claim in the underlying bankruptcy proceeding does not affect the adversary proceeding or require the court to determine that the entire amount of the claim is nondischargeable.

Moreover, the bankruptcy court's August 21, 2013 Entry of Default and Order re: Default Judgment Procedures specifically required Mr. Gonzalez to apply for a default judgment and "prove up" his request. The court then found that, based on Mr. Gonzalez's two alleged payments of $2,500 to Mr. Kitay, $5,000 plus costs were nondischargeable under § 523(a)(4). Mr. Gonzalez did not submit evidence that would substantiate the remainder of his claim for $250,000. In any event, Mr. Gonzalez has not assigned any other error to the award. Accordingly, we hold that the bankruptcy court did not err in awarding Mr. Gonzalez $5,000 plus costs as nondischargeable debt.

**B. The bankruptcy court did not err in its application of Civil Rule 55(c) and finding that Mr. Kitay stated a meritorious defense.**

Second, Mr. Gonzalez argues that the court erred in its application of Civil Rule 55 because it held that Mr. Kitay satisfied the second prong of the test by stating a "meritorious defense."

Civil Rule 55(c), made applicable through Rule 7055, provides that "[t]he court may set aside an entry of default for good cause . . . ." The "good cause" inquiry considers three factors: "(1) whether [the defendant] engaged in culpable conduct that led to the default; (2) whether [the defendant] had a meritorious defense; or (3) whether reopening the default

13

judgment would prejudice [the plaintiff]." Franchise Holding II, LLC v. Huntington Restaurants Grp., Inc., 375 F.3d 922, 926 (9th Cir. 2004). "As these factors are disjunctive, the district court was free to deny the motion 'if any of the three factors was true.'" Id. (quoting Am. Ass'n of Naturopathic Physicians v. Hayhurst, 227 F.3d 1104, 1108 (9th Cir. 2000)).

In the present case, the bankruptcy court found that Mr. Kitay could not establish the first and third factors, but that he had stated "a meritorious defense" under the second factor. It stated that Mr. Kitay "has alleged sufficient facts in the motion that, if true[,] would constitute a defense to the plaintiff's claims." Nevertheless, because Mr. Kitay did not satisfy all three factors, the court denied the Motion to Set Aside.

Mr. Gonzalez argues that the court "overreached to the point of denying [him] an appropriate award of damages according to the amended proof of claim or the amount of damages detailed in the [First Amended Complaint]." He claims that, in another case concerning a motion to set aside, the bankruptcy court stopped its analysis after finding that the movant did not meet the third criterion. Citing In re Christiansen, Case No. 05-200050-B-7, United States Bankruptcy Court for the Eastern District of California, Mr. Gonzalez points to the court's conclusion that, "[b]ecause the court finds prejudice, it declines to reach the other two possible reasons for denial enumerated in Franchise Holding."

Mr. Gonzalez misapprehends the court's analysis. While it is true that a movant's failure to establish any one of the three

14

factors is fatal to his position, nothing prevents a court from articulating a complete analysis of all factors. Further, the court's decision to award Mr. Gonzalez $5,000 rather than $250,000 had nothing to do with its analysis of the second factor. The court awarded $5,000 months before it considered Mr. Kitay's Motion to Set Aside. The court did not "overreach" when it determined that Mr. Kitay had alleged meritorious defenses.

Mr. Gonzalez also argues that the court "overreached" and "made reversible error in finding that Kitay met the second factor . . . ."[6] Mr. Gonzalez goes on at length to argue Mr. Kitay's alleged professional negligence and fraud. However, the bankruptcy court was not adjudicating the merits of Mr. Gonzalez's case or Mr. Kitay's defenses. Mr. Kitay needed only to offer "specific facts that would constitute a defense." Franchise Holding II, LLC, 375 F.3d at 926 (citing Madsen v. Bumb, 419 F.2d 4, 6 (9th Cir. 1969)). Although Mr. Gonzalez may not have liked the fact that Mr. Kitay's defenses involved allegations of Mr. Gonzalez's wrongdoing and misconduct, the court found that these facts were sufficient to carry the relatively light burden of stating a meritorious defense. As such, the court did not err in its analysis of the Civil

---

[6] Mr. Gonzalez seems to conflate the Motion to Set Aside with the Motion to Strike the Adversary Proceeding. He states that the court overreached when it held that Mr. Kitay met the second factor of the three-part test "based on a mistaken and inadvertent mailing error causing no consequence to Kitay." The late service of the First Amended Complaint is unrelated to Mr. Kitay's burden to offer meritorious defenses to the claims raised by Mr. Gonzalez.

15

Rule 55(c) test, and it did not adjudicate the merits of Mr. Kitay's defense.

Mr. Gonzalez states that, because of the court's ruling, he will face prejudice by having to "re-litigate" the issues raised by Mr. Kitay. Mr. Gonzalez will face no such burden. In fact, because the bankruptcy court ruled that Mr. Kitay's nondischargeable liability is only $5,000, Mr. Gonzalez's additional claims will be barred (assuming Mr. Kitay receives a discharge).

In any event, Mr. Gonzalez lacks standing to appeal on this basis, because he prevailed in the bankruptcy court: the court declined to set aside the default. See Duckor Spradling & Metzger v. Baum Tr. (In re P.R.T.C., Inc.), 177 F.3d 774, 777 (9th Cir. 1999) ("[C]ourts have created an additional prudential standing requirement in bankruptcy cases: The appellant must be a 'person aggrieved' by the bankruptcy court's order." (citing Brady v. Andrew (In re Commercial W. Fin. Corp.), 761 F.2d 1329, 1334 (9th Cir. 1985))); id. ("An appellant is aggrieved if 'directly and adversely affected pecuniarily by an order of the bankruptcy court'; in other words, the order must diminish the appellant's property, increase its burdens, or detrimentally affect its rights." (quoting Fondiller v. Robertson (In re Fondiller), 707 F.2d 441, 442 (9th Cir. 1983))).

**C.    The court did not err in dismissing the remaining claims for Mr. Gonzalez's failure to timely serve an amended complaint.**

Next, Mr. Gonzalez argues that the bankruptcy court erred in dismissing his remaining claims for failing to comply with the court's deadline to serve the First Amended Complaint. We hold

16

that the court did not abuse its discretion in dismissing the untimely complaint.[7]

A court may dismiss an untimely complaint pursuant to a federal statute or rule, a local rule, or the court's inherent power. As the bankruptcy court did not identify the underlying authority for its dismissal, we first consider whether the court properly dismissed the remaining claims under the federal rules.

Civil Rule 41(b), which is made applicable to adversary proceedings pursuant to Rule 7041, states that, "[i]f the plaintiff fails to prosecute **or to comply with** these rules or **a court order**, a defendant may move to dismiss the action or any claim against it." Civil Rule 41(b) (emphases added). "[W]hen a plaintiff fails to amend his complaint after the district judge dismisses the complaint with leave to amend, the dismissal is typically considered a dismissal for failing to comply with a court order rather than for failing to prosecute the claim." Yourish v. Cal. Amplifier, 191 F.3d 983, 986 (9th Cir. 1999).

> [I]n order for a court to dismiss a case as a sanction, the district court must consider five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives." We "may affirm a dismissal where at

---

[7] Mr. Gonzalez also argues that the court erred in dismissing the remaining claims, because, inter alia, it found that Mr. Kitay "acted in willful bad conduct," it "disregarded the availability of Kitay's $1M liability policy," and it did not award $250,000 in the interest of justice. However, these arguments are facially not relevant to dismissal of claims that the debt is nondischargeable, and Mr. Gonzalez develops no arguments that make them pertinent. Therefore, we are unable to discern any error.

17

least four factors support dismissal, . . . or where at least three factors 'strongly' support dismissal." "Although it is preferred, it is not required that the district court make explicit findings in order to show that it has considered these factors and we may review the record independently to determine if the district court has abused its discretion."

Id. at 990 (internal citations omitted). "These factors are not a series of conditions precedent before the judge can do anything, but a way for a district judge to think about what to do." In re Phenylpropanolamine Prods. Liab. Litig., 460 F.3d 1217, 1226 (9th Cir. 2006) (internal quotation marks omitted).

In the present case, it is undisputed that Mr. Gonzalez did not comply with the court's order to timely serve the Kitays. The bankruptcy court gave Mr. Gonzalez until November 19, 2013 to **file and serve** his amended complaint and cautioned that, if Mr. Gonzalez did "not file an amended complaint by the foregoing deadline, the plaintiff's claims under 11 U.S.C. §§ 523(a)(2)(A), (a)(6), 727(a)(3) and (a)(4) will be dismissed without further notice or hearing."

Mr. Gonzalez filed his First Amended Complaint on November 19. He sent a copy to the Kitays via U.S. mail, but mailed it to the wrong address. He claims that he did not realize the error until the complaint was returned undelivered. Mr. Gonzalez eventually served the Kitays on December 30, over a month past the court's deadline.

In dismissing the First Amended Complaint, the bankruptcy court's April 8, 2014 order did not explicitly address the five factors articulated in Hernandez and Yourish. We thus review the five factors to determine whether the bankruptcy court abused its discretion in dismissing the First Amended Complaint. See

18

*Yourish*, 191 F.3d at 989 (the appellate court has "not always been troubled by a district court's failure to explain the reasons for dismissal").

The first two factors weigh heavily in favor of dismissal. First, "the public's interest in expeditious resolution of litigation always favors dismissal." Id. at 990. Moreover, "[d]istrict judges are best situated to decide when delay in a particular case interferes with docket management and the public interest." Id. (quoting Ash v. Cvetkov, 739 F.2d 493, 496 (9th Cir. 1984)). Second, "to be able to manage its docket effectively, the Court must be able to dismiss actions without operative complaints which have stalled due to one party's unilateral inaction in meeting court-imposed deadlines." *Gleason v. World Sav. Bank, FSB*, Case No. 12-cv-03598-JST, 2013 WL 3927799, at *1 (N.D. Cal. July 26, 2013). Here, Mr. Gonzalez's failure to serve his First Amended Complaint for over a month after the court-imposed deadline cuts against the public interest and the court's ability to manage its docket. The court made clear that Mr. Gonzalez was to "file and serve" the amended complaint by November 19, 2013. The record supports a factual finding that Mr. Gonzalez's delay interfered with the expeditious resolution of the case. Thus, the first two factors strongly favor dismissal. See *Yourish*, 191 F.3d at 991 ("[W]e accept [the court's] factual finding that Plaintiffs knew that they were required to file the amended complaint within sixty days rather than within sixty [days] of the issuance of a written order as they claim. Because the district judge was in a superior position to evaluate the effects of delay on her docket, . . . we

19

find that this factor strongly favors dismissal.").

The third factor, the risk of prejudice to the defendants, "is related to the plaintiff's reason for defaulting in failing to timely amend." Id. (citation omitted). A plaintiff's "paltry excuse for his default on the judge's order" may "indicate[ ] that there was sufficient prejudice to Defendants from the delay . . . ." Id. at 992. In the present case, the bankruptcy court made clear that Mr. Gonzalez's excuse for his failure to serve the Kitays was unacceptable. It noted that the Kitays had filed a notice of change of address months before Mr. Gonzalez instituted the adversary proceeding. It also pointed out that Mr. Gonzalez had previously used the Kitays' correct address for earlier filings. In sum, the bankruptcy court found Mr. Gonzalez's excuses "unavailing." We agree that Mr. Gonzalez was not justified in untimely serving the Kitays with the First Amended Complaint, and this factor weighs in favor of dismissal.[8] See League of United Latin Am. Citizens Inc. v. Eureste, No. 13-CV-04725-JSC, 2014 WL 5473560, at *4 (N.D. Cal. Oct. 28, 2014) (finding that the third factor slightly favors dismissal where the court "does not find this explanation credible[,]" where the plaintiff claimed he had miscalculated the number of days that he had to file an amended complaint).

---

[8] Mr. Gonzalez argues that the court should have accepted the untimely filing under Rule 9006(b)(1), which allows for an enlargement of time "where the failure to act was the result of excusable neglect." However, Rule 9006(b)(1) is invoked "on motion made[,]" and Mr. Gonzalez did not file any motion for enlargement of time. Moreover, the bankruptcy court did not err in rejecting Mr. Gonzalez's excuse for the late filing, so we do not recognize any "excusable neglect."

20

The fourth factor, whether public policy favors disposition of the case on the merits, "normally weighs strongly against dismissal." Gleason, 2013 WL 3927799, at *2. On the other hand, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." In re Phenylpropanolamine Prods. Liab. Litig., 460 F.3d at 1228. We cannot say that the tardiness in serving the First Amended Complaint created such a great delay as to trump the presumption in favor of resolution on the merits. As such, this factor weighs against dismissal.

Finally, we consider whether the bankruptcy court should have employed less drastic alternatives. On the one hand, the Ninth Circuit has held that, in some circumstances, a chance to amend the complaint and a "warning to a party that his failure to obey the court's order will result in dismissal can satisfy the 'consideration of alternatives' requirement." Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992) (citation omitted). On the other hand, the Ninth Circuit has also held that a warning and "the district court's granting Plaintiffs leave to amend was not a lesser sanction because they had not yet disobeyed the court's order." Yourish, 191 F.3d at 992; see Pagtalunan v. Galaza, 291 F.3d 639, 643 (9th Cir. 2002) ("we are constrained by the holding in Yourish to find that the availability of less drastic alternatives was not considered by the district court"). The record does not disclose whether the bankruptcy court considered less drastic alternatives to dismissal. Although the bankruptcy court gave Mr. Gonzalez a chance to amend his

21

deficient pleading and warned that it would dismiss the complaint if not filed and served by November 19, the warning alone appears to be insufficient to constitute a less drastic sanction. As such, this factor weighs against dismissal.

In weighing the five factors, we are guided by the Ninth Circuit's decision in Yourish, which also involved dismissal under Civil Rule 41(b) for failure to timely amend a complaint. In that case, the court granted the defendants' motion to dismiss, but, upon agreement of the parties, gave the plaintiffs sixty days to file an amended complaint. When the plaintiffs failed to do so, the defendants moved to dismiss the case. The court granted the motion and dismissed the case with prejudice.

On appeal, the Ninth Circuit considered the five factors for dismissal under Civil Rule 41(b). As in the present case, the court found that the first three factors favored dismissal, while the latter two factors weighed against dismissal. The court concluded that, "[b]ecause we have found that three factors strongly favor dismissal, we feel that the district court did not abuse its discretion in dismissing Plaintiffs' case for failing to amend in a timely fashion. Although dismissal was harsh, we do not have a 'definite and firm conviction' that the district court 'committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors.'" Yourish, 191 F.3d at 992 (quoting Ferdik, 963 F.2d at 1260).

Accordingly, because a permissible weighing of the five factors favors dismissal, we hold that the bankruptcy court did not abuse its discretion in dismissing the First Amended Complaint for Mr. Gonzalez's failure to comply with the court's

22

order.[9]  (We therefore need not consider the bankruptcy court's authority to dismiss the amended complaint under the local rules or its inherent powers.)

Furthermore, the court dismissed the claims against Mrs. Kitay, who was newly added as a defendant to the First Amended Complaint.  The court held that, not only did Mr. Gonzalez fail to timely serve Mrs. Kitay, but objections as to Mrs. Kitay's "discharge or nondischargeability as to a debt . . . are time-barred; the filing of the FAC on November 19, 2013 . . . occurred long after the deadline of April 15, 2013, to file a claim objecting [to Mrs. Kitay's] discharge or the nondischargeability of a debt as to [Mrs. Kitay] expired."  Mr. Gonzalez does not challenge the court's dismissal of the claims against Mrs. Kitay as time-barred.  As such, the court did not err in dismissing all claims against Mrs. Kitay.

**D.  The Panel declines to consider issues not raised before the bankruptcy court or not properly on appeal.**

Mr. Gonzalez offers materials and arguments not properly before this Panel on appeal.  We decline to consider them.

First, we will only consider documents that are properly a part of the record below.  Except in rare cases where "'the interests of justice demand it,' an appellate court will not consider evidence not presented to the trial court[.]"  Graves v.

---

[9] Presumably in connection with his discussion of prejudice, Mr. Gonzalez argues at length about a law firm that represented both Mr. Kitay and a defendant in one of the state-court cases, Mr. Kitay's allegations of Mr. Gonzalez's questionable background and character, and his difficulties collecting the $5,000 award from Mr. Kitay.  These arguments are not relevant to the present appeal and are not addressed herein.

23

Myrvang (In re Myrvang), 232 F.3d 1116, 1119 n.1 (9th Cir. 2000) (citations omitted). Mr. Gonzalez attaches numerous documents to his appendix (specifically, his Supplemental Excerpts) that were not presented to the bankruptcy court. The vast majority of these documents were filed in the state-court action **after** the bankruptcy court's April 8, 2014 order. Furthermore, these documents have little bearing on the present appeal, since they do not appear to concern the issues raised by the bankruptcy court's April 8, 2014 order. As such, the interests of justice do not demand that we consider the documents and arguments not raised before the bankruptcy court.

Second, Mr. Gonzalez requests that the Panel not only award him $250,000 per his proof of claim, but that we order Mr. Kitay's liability insurer to satisfy the judgment immediately. Mr. Gonzalez's request is outside of the scope of this appeal. Most importantly, the insurer is not a party to this appeal, so we cannot exercise jurisdiction over the insurer to compel payment. Nor was the insurer a party before the bankruptcy court, and the bankruptcy court never adjudicated the obligations of Mr. Kitay's insurer. Even if we were to find in Mr. Gonzalez's favor, we cannot afford Mr. Gonzalez the relief he requests with regard to Mr. Kitay's insurer.

## CONCLUSION

For the reasons set forth above, we conclude that the bankruptcy court did not err in awarding Mr. Gonzalez $5,000 plus costs under § 523(a)(4) and dismissing his other claims. Accordingly, we AFFIRM.

24