**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In re: FELIPE DABAO ZULUETA, Jr.,<br><br>Debtor,<br><br>---<br><br>FELIPE DABAO ZULUETA, Jr.,<br><br>Appellant,<br><br>v.<br><br>MARTHA G. BRONITSKY, Ch 13 Trustee; ONEWEST BANK, FSB, Servicing agent,<br><br>Appellees. | No. 11-60060<br><br>BAP No. 10-1459<br><br>MEMORANDUM[*] |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Hollowell, Pappas, and Jury, Bankruptcy Judges, Presiding

Submitted May 14, 2013[**]

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument.

Before:    LEAVY, THOMAS, and MURGUIA, Circuit Judges.

Felipe Dabao Zulueta, Jr., appeals pro se from the Bankruptcy Appellate Panel's ("BAP") judgment affirming the bankruptcy court's order denying Zulueta's objection to Deutsche Bank's proof of claim. We have jurisdiction under 28 U.S.C. § 158(d). We review de novo BAP decisions, and apply the same standard of review that the BAP applied to the bankruptcy court's ruling. *Boyajian v. New Falls Corp. (In re Boyajian)*, 564 F.3d 1088, 1090 (9th Cir. 2009). We review de novo a challenge to prudential standing. *Dunmore v. United States*, 358 F.3d 1107, 1111 (9th Cir. 2004). We affirm.

The bankruptcy court properly denied Zulueta's objection to Deutsche Bank's proof of claim because Deutsche Bank and its servicing agent, OneWest Bank, had standing to enforce the claim. *See id*. at 1112 (explaining the requirements of prudential standing). The evidence before the court established that OneWest Bank was the holder of the note at issue. *See Grogan v. Garner*, 498 U.S. 279, 283 (1991) (state law determines the validity of creditors' claims in bankruptcy); Cal. Com. Code § 1201(21)(A) (defining "holder" as "the person in possession of a negotiable instrument that is payable either to bearer or, to an identified person that is the person in possession"); *id*. § 3205(b) ("When indorsed in blank, an instrument becomes payable to bearer and may be negotiated by

2                                                                                               11-60060

transfer of possession alone[.]"); *id.* § 3301 (the holder of a negotiable instrument may enforce it). Zulueta's contention that the original note was not presented is not supported by the record.

This case is not rendered moot by the dismissal of Zulueta's bankruptcy petition because the issue of prudential standing survives dismissal of the Chapter 13 bankruptcy proceedings. *See Spacek v. Thomen (In re Universal Farming Indus.)*, 873 F.2d 1334, 1335-36 (9th Cir. 1989) (a case is not moot if a legally cognizable interest survives dismissal of the bankruptcy proceedings).

OneWest's motion requesting judicial notice of the docket and dismissal order in the underlying bankruptcy proceedings is granted.

**AFFIRMED.**

11-60060