FILED

MAR 23 2016

SUSAN M. SPRAUL, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

**NOT FOR PUBLICATION**

# UNITED STATES BANKRUPTCY APPELLATE PANEL

## OF THE NINTH CIRCUIT

| | | |
|---|---|---|
| In re: | ) | BAP No. CC-15-1258-FTaKu |
| | ) | |
| CYNTHIA CYNKO ZIPSER, | ) | Bk. No. 14-12827-PC |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| CYNTHIA CYNKO ZIPSER, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM**[*] |
| | ) | |
| OCWEN LOAN SERVICING, LLC, | ) | |
| | ) | |
| Appellee. | ) | |
| _____ | ) | |

Argued and Submitted on February 19, 2016
at Pasadena, California

Filed – March 23, 2016

Appeal from the United States Bankruptcy Court
for the Central District of California

Honorable Peter H. Carroll, Bankruptcy Judge, Presiding

_____

Appearances:      Steven J. Krause of Ananda & Krause, APLC argued for Appellant Cynthia Cynko Zipser; Leslie Marie Klott of Law Offices of Les Zieve argued for Appellee Ocwen Loan Servicing, LLC.

_____

Before: FARIS, TAYLOR, and KURTZ, Bankruptcy Judges.

[*] This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have, see Fed. R. App. P. 32.1, it has no precedential value, see 9th Cir. BAP Rule 8024-1.

**INTRODUCTION**

Appellant/chapter 13[1] debtor Cynthia Cynko Zipser appeals from the bankruptcy court's order overruling her objection to Appellee Ocwen Loan Servicing, LLC's claim. The bankruptcy court determined that Ocwen, as the person in possession of a note endorsed in blank, was a person entitled to enforce the note. Ms. Zipser fails to identify any reversible error. Accordingly, we AFFIRM.

**FACTUAL BACKGROUND**[2]

The facts are not in dispute. (In fact, in their respective briefs, both Ms. Zipser and Ocwen copied virtually verbatim the recitation of facts from the bankruptcy court's Memorandum Decision.)

In 2004, Countrywide Bank, a Division of Treasury Bank, N.A. ("Countrywide") lent $639,920.00 to Ms. Zipser and Daniel Zipser. The Zipsers executed an adjustable rate note (the "Note") and a deed of trust (the "Deed of Trust") encumbering the Zipsers' real property located in Thousand Oaks, California (the "Subject Property").

---

[1] Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, all "Rule" references are to the Federal Rules of Bankruptcy Procedure, Rules 1001-9037, and all "Civil Rule" references are to the Federal Rules of Civil Procedure, Rules 1-86.

[2] Ms. Zipser presents us with a deficient record that is just thirteen-pages long and includes only the court's memorandum decision, order, and a copy of the last page of the Note with the blank endorsement. We have exercised our discretion to review the bankruptcy court's docket, as appropriate. See Woods & Erickson, LLP v. Leonard (In re AVI, Inc.), 389 B.R. 721, 725 n.2 (9th Cir. BAP 2008).

The Note was endorsed in blank by Treasury Bank, N.A. and transferred to Ocwen Loan Servicing, LLC, as servicer for Christiana Trust, a division of Wilmington Savings Fund Society, FSB, not in its individual capacity but as Trustee of ARLP Trust 3 ("Christiana Trust"). Ocwen represents that, on behalf of Christiana Trust, it is in actual and physical possession of the Note and that Christiana Trust is the noteholder and beneficiary under the Deed of Trust.

On November 15, 2010, the Zipsers filed for chapter 7 bankruptcy. The Zipsers disclosed that they owned the Subject Property valued at $636,600 and encumbered by two liens totaling $756,831. The Zipsers received their discharge on December 21, 2011, and the case was closed on November 18, 2013.

On December 30, 2014, Ms. Zipser filed a chapter 13 petition in the bankruptcy case from which this appeal arises. She stated that she owned a community interest in the Subject Property valued at "$0.00" and that secured claims encumbered the Subject Property for "$0.00." She did not identify any creditor holding a lien against the Subject Property.[3] She identified Ocwen as a creditor with the notation "Notice Only."

Ms. Zipser's proposed chapter 13 plan did not provide for the payment of any secured claim except for a claim held by JP Morgan Chase. The court confirmed the plan on March 19, 2015.

On May 11, 2015, Ocwen filed Claim #3 for $829,418.23

---

[3] Ms. Zipser listed Countrywide as the holder of an unsecured nonpriority claim in the amount of "$0.00." She included a notation identifying the Subject Property and stating "Discharged - $639,920.00."

3

secured by the Deed of Trust on the Subject Property. Ocwen represented that it services the underlying mortgage loan on the Subject Property for Christiana Trust. It stated that Christiana Trust "directly or through an agent has possession of the promissory note and the promissory note is either made payable to [Christiana Trust] or has been duly endorsed."

Ms. Zipser filed an objection to Ocwen's Claim #3 ("Objection"). She stated that Ocwen is asserting a "fraudulent and invalid claim" at "the eleventh hour." Essentially, she argued that Ocwen had failed to show that it was the proper holder of the Note, because it could not track the physical transfer between Countrywide, Bank of America, and Ocwen and because a note endorsed in blank does not provide the possessor with a right to enforce it. Ms. Zipser relied upon Veal v. American Home Mortgage Services, Inc. (In re Veal), 450 B.R. 897 (9th Cir. BAP 2011), and Kemp v. Countrywide Home Loans, Inc. (In re Kemp), 440 B.R. 624 (Bankr. D.N.J. 2010).

Ocwen filed a written opposition to the Objection. In summary, it argued that, as the holder of the Note that is endorsed in blank, it is entitled to foreclose on the Subject Property. Javier Rivera, a Contract Management Coordinator of Ocwen, attested that "Ocwen as the duly authorized and acting loan servicing agent on behalf of [Christiana Trust] has actual and physical possession of the Note."

The court heard this matter on July 23, 2015 and subsequently issued its Memorandum Decision overruling the Objection. The court held that Ocwen had met its burden of proof with respect to Claim #3. The court also held that, as a

4

servicing agent for Christiana Trust and the party with actual and physical possession of the Note, endorsed in blank and secured by the Deed of Trust, "Ocwen had standing to file Claim # 3 . . . ."

Ultimately, the court held that "Ocwen's Claim # 3 establishes a valid secured claim. Ocwen is entitled to enforce the Note under the UCC and California law. Ocwen possesses the right to foreclose. . . . Debtor has not offered any evidence to the contrary . . . ."

The court thus overruled the Objection. Ms. Zipser timely appealed.

## JURISDICTION

The bankruptcy court had jurisdiction pursuant to 28 U.S.C. §§ 1334, 157(b)(1), and 157(b)(2)(A) and (B). We have jurisdiction under 28 U.S.C. § 158.

## ISSUE

Whether the bankruptcy court erred in overruling Ms. Zipser's objection to Ocwen's Claim #3.

## STANDARD OF REVIEW

Standing is a legal issue that we review de novo. Wedges/Ledges of Cal., Inc. v. City of Phoenix, 24 F.3d 56, 61 (9th Cir. 1994); Kronemyer v. Am. Contractors Indem. Co. (In re Kronemyer), 405 B.R. 915, 919 (9th Cir. BAP 2009).

We review "the bankruptcy court's interpretation of the Bankruptcy Code de novo and its factual findings for clear error[.]" Hedlund v. Educ. Res. Inst. Inc., 718 F.3d 848, 854 (9th Cir. 2013) (quoting Miller v. Cardinale (In re DeVille), 361 F.3d 539, 547 (9th Cir. 2004)).

5

**DISCUSSION**

**A.   The bankruptcy court did not err in overruling Ms. Zipser's Objection to Ocwen's Claim #3.**

Ms. Zipser contends Ocwen did not have the right to enforce the Note, despite its undisputed possession of that Note endorsed in blank.  Unpersuaded by her arguments in support of that contention, we hold that the bankruptcy court did not err in overruling her Objection.

**1.   The bankruptcy court did not err in holding that Ocwen is entitled to enforce the Note.**

Ms. Zipser argues (in multiple iterations) that Ocwen failed to establish that it is the party entitled to enforce the Note. None of these arguments is correct.

We have repeatedly held that a possessor of a note endorsed in blank is a party entitled to enforce the note and foreclose on any collateral.  See Zulueta v. Bronitsky (In re Zulueta), No. NC-10-1459-HPaJu, 2011 WL 4485621, at *6 (9th Cir. BAP Aug. 23, 2011), aff'd, 520 F. App'x 558 (9th Cir. 2013) ("A party in physical possession of an endorsed-in-blank note qualifies as a holder of a note under [California law].  Because [the servicer] appeared at the Hearing with possession of the endorsed-in-blank Note, it was a holder of the Note entitled to enforce it."); see also Allen v. U.S. Bank, N.A. (In re Allen), 472 B.R. 559, 565-67 (9th Cir. BAP 2012); In re Veal, 450 B.R. at 902, 910-11.

In the present case, the bankruptcy court determined that Ocwen had actual and physical possession of the Note, endorsed in blank and secured by a deed of trust lien.  The court held that,

6

"[a]s the entity in actual possession of the Note endorsed in blank and beneficiary under the Deed of Trust securing the Note, Ocwen had standing to file Claim # 3 on May 11, 2015."

Ms. Zipser emphasizes Ocwen's failure to demonstrate an unbroken chain of possession of the Note and argues that this failure renders its claim unenforceable. As we have previously held, the possessor of a note endorsed in blank is entitled to enforce it under California Commercial Code § 3205(b). There is no requirement that the holder of a note endorsed in blank must additionally prove that it properly came into possession of the note. As the holder of the Note endorsed in blank, Ocwen was entitled to enforce the Note and had standing to assert Claim #3. The bankruptcy court did not err.[4]

In fact, the UCC makes clear that the holder of a note includes anyone in possession of a note, even if he came by it

---

[4] Ms. Zipser also fails to offer any admissible evidence of any problem with the various assignments of the Note. She insists that she provided the bankruptcy court with the fifty-page declaration of a Countrywide executive, which allegedly proves that it was Countrywide's policy to retain possession of the notes at the time of sale. However, she does not provide a copy of the declaration in her excerpts of record, and we could not locate the declaration in the bankruptcy court's docket.

The Kemp decision, attached to the Objection, references a Countrywide officer's declaration concerning its lending practices in that case. See In re Kemp, 440 B.R. at 628-29. Ms. Zipser cannot rely on a summary of that declaration as evidence in the present case.

In any event, Ocwen has provided declaration testimony that it is in actual and physical possession of the Note in question. Ms. Zipser has failed to rebut that evidence and satisfy her burden of proof.

7

through involuntary transfer:

> Negotiation always requires a change in possession of the instrument because nobody can be a holder without possessing the instrument, either directly or through an agent. But in some cases the transfer of possession is involuntary and in some cases the person transferring possession is not a holder. . . . [N]egotiation can occur by an involuntary transfer of possession. For example, **if an instrument is payable to bearer and it is stolen by Thief or is found by Finder, Thief or Finder becomes the holder of the instrument when possession is obtained. In this case there is an involuntary transfer of possession that results in negotiation to Thief or Finder.**

Cal. Com. Code § 3201 cmt. 1 (emphasis added). Thus, Ms. Zipser is patently incorrect that a holder must prove an unbroken chain of custody as a prerequisite to enforcing a note.

Ms. Zipser relies on Rivera v. Deutsche Bank National Trust Co. (In re Rivera), BAP No. NC-13-1615-KuPaJu, 2014 WL 6675693 (9th Cir. BAP Nov. 24, 2014), for the proposition that a claimant's failure to prove the chain of possession deprives it of a right to assert a claim. But Rivera was decided in a different factual and procedural context. In Rivera, the debtor filed a complaint alleging specific facts indicating that the endorsement on a note was a sham and void. The defendants filed a motion to dismiss under Civil Rule 12. Noting that "[w]e must accept the truth of the Riveras' well-pled allegations indicating that the . . . endorsement on the note was a sham and, more generally, that neither [the secured creditor nor the servicer] ever obtained any valid interest in the Riveras' note or the loan repayment rights evidenced by that note," id. at *7, we held that the bankruptcy court erred in dismissing some of the claims stated in the complaint. In this case, the pleading standards of Civil Rule 12 do not apply; instead, on an objection to a claim,

8

Ms. Zipser had the burden of offering evidence that the blank endorsement is a sham or void. The bankruptcy court was not required to accept Ms. Zipser's bald allegations as true. We discern no error in the bankruptcy court's conclusion that the endorsement and assignment are valid.

Similarly, Ms. Zipser misconstrues our holding in Veal. We held in Veal that neither the bank nor its servicer had standing to enforce the note because they did not produce the original note or the relevant endorsement and did not prove that they had possession of the note. See In re Veal, 450 B.R. at 917-18, 921. Contrary to Ms. Zipser's assertion, Veal does not stand for the propostion that, under California law, a possessor of a note endorsed in blank must always prove an unbroken chain of transfers. As such, Veal does not aid Ms. Zipser's case.

Kemp is also inapposite. In that case, the court held that the bank lacked authority to enforce the note, because (1) the bank did not have and never had possession of the note, and (2) there was no proper endorsement of the note. See In re Kemp, 440 B.R. at 630. We are not presented with the same situation in this case. Accordingly, Kemp is not relevant to our analysis.

Furthermore, Ms. Zipser failed to offer evidence of any defect in the endorsement. She complains that the court did not require Ocwen "to authenticate the original Note endorsement . . . ." But negotiated instruments are presumed authentic under California law.[5] Similarly, under Rule 902(9) of the Federal

---

[5] Section 3308(a) of the California Commercial Code states:

(continued...)

9

Rules of Evidence, the Note is self-authenticating and does not require extrinsic evidence to prove its authenticity.[6] Ms. Zipser has not put forth any evidence disputing the authenticity or validity of the endorsement. As such, it is undisputed that the endorsement is valid.

Ms. Zipser's only argument against the validity of the endorsement is that "[t]he original Note was payable to 'Countrywide Bank, A DIVISION of Treasury Bank, N.A.' A division is not a legal entity in California and therefore Countrywide

---

[5](...continued)
In an action with respect to an instrument, the authenticity of, and authority to make, each signature on the instrument is admitted unless specifically denied in the pleadings. If the validity of a signature is denied in the pleadings, the burden of establishing validity is on the person claiming validity, but the signature is presumed to be authentic and authorized unless the action is to enforce the liability of the purported signer and the signer is dead or incompetent at the time of trial of the issue of validity of the signature.

Cal. Com. Code § 3308(a).

[6] Federal Rule of Evidence 902(9) provides, in relevant part:

The following items of evidence are self-authenticating; they require no extrinsic evidence of authenticity in order to be admitted:

. . .

(9) Commercial Paper and Related Documents. Commercial paper, a signature on it, and related documents, to the extent allowed by general commercial law.

Fed. R. Evid. 902(9).

Bank and Treasury Bank N.A. were the same payee." This does not invalidate the endorsement. Treasury Bank signed the blank endorsement. Even if Countrywide Bank was not a separate entity from Treasury Bank, Treasury Bank was an entity that could sign the endorsement. Accordingly, Ms. Zipser has failed to establish that the endorsement is void.[7]

Thus, as the holder of the Note, Ocwen is entitled to enforce it. The bankruptcy court did not err in overruling Ms. Zipser's Objection.

### 2. The bankruptcy court did not improperly shift the burdens of proof between Ms. Zipser and Ocwen.

Ms. Zipser also argues in various ways that the bankruptcy court improperly shifted the burden of proof to her, even though Ocwen did not meet its initial burden.

As the bankruptcy court correctly stated, a proof of claim is deemed allowed unless a party in interest objects. See § 502(a). If a creditor properly files a proof of claim, the

---

[7] Ms. Zipser contended at oral argument that, because she received a letter from Bank of America and a credit report stating that the loan had been paid off, the Note is in dispute. Because Ms. Zipser did not make this argument in her appellate briefs and did not include the relevant documents in her meager excerpts of record, she has waived this argument.

Even if Ms. Zipser had preserved the argument, it would not help her case, because it rests on a mischaracterization of the documents. The letter does not say that the Note was paid off; rather, it acknowledges that the debt was discharged in Ms. Zipser's chapter 7 case. The credit report (which is inadmissible hearsay) says that the "terms" of the loan are "PAID," but also says "DEBT INCLUDED IN OR DISCHARGED THRU BK . . . ." Thus, neither document suggests any problem with the Note or the endorsement.

11

burden shifts to the objecting party to present evidence to overcome the prima facie case. The objector must come forward with evidence or "facts tending to defeat the claim by probative force equal to that of the allegations of the proofs of claim themselves." Lundell v. Anchor Constr. Specialists, Inc., 223 F.3d 1035, 1039 (9th Cir. 2000). If the objector produces sufficient evidence, then the burden reverts to the claimant to prove the validity of the claim by a preponderance of evidence. Id.

Ms. Zipser concedes that, "[a]bsent an objection, a proof of claim constitutes prima facie evidence where it adheres to the requirements of Rule 3001." Her only argument appears to be that, because Ocwen did not establish that it is a "person entitled to enforce the Note," the court should not have shifted the burden to her.

The bankruptcy court correctly stated the parties' respective burdens of proof. As discussed above, the bankruptcy court properly held that Ocwen had established a valid secured claim. The burden then shifted to Ms. Zipser, who failed to provide sufficient evidence to rebut Claim #3. Accordingly, because Ms. Zipser could not come forward with "facts tending to defeat the claim[,]" see id., the court held that Ocwen had stated a valid claim. We find no error in the court's holding.

**B. The bankruptcy court did not err in not holding an evidentiary hearing on the Objection.**

Second, Ms. Zipser argues that the bankruptcy court erred in not holding an evidentiary hearing on Ocwen's right to enforce the Note. Although Ms. Zipser identifies this issue as one of

12

her primary issues on appeal, she does not identify where in the record she requested the evidentiary hearing. She only asserts in her opening brief that "Debtor requested an Evidentiary Hearing[,]" but does not provide any citation to the record. We have independently reviewed the bankruptcy court's docket, and we found no such request. Because Ms. Zipser elected not to provide the Panel with a copy of the hearing transcript, we cannot determine whether she made an oral request.

In her reply brief, Ms. Zipser argues for the first time that her bankruptcy counsel, Mr. Steven J. Krause, called the court prior to the hearing on the Objection and spoke with a clerk in the judge's chambers to request an evidentiary hearing. He says that the clerk said that he would place a note in the file.

We are unpersuaded by this late argument. First, Mr. Krause's request to the clerk is not in the record (and the clerk's statement is hearsay), and Ms. Zipser cannot introduce new evidence to augment the record on appeal. See Graves v. Myrvang (In re Myrvang), 232 F.3d 1116, 1119 n.1 (9th Cir. 2000) (Except in rare cases where "the interests of justice demand it, an appellate court will not consider evidence not presented to the trial court[.]" (citations and internal quotation marks omitted)). Second, even accepting Mr. Krause's statement as true, an ex parte communication with the court's staff is not a proper way to request an evidentiary hearing.

Furthermore, even if Ms. Zipser had properly preserved this error on appeal, the bankruptcy court did not abuse its discretion. Ms. Zipser does not explain what evidence she would

13

have offered at an evidentiary hearing and how it might have altered the outcome. Ms. Zipser presents absolutely no authority requiring the bankruptcy court to hold an evidentiary hearing based on the facts of this case.

As such, we do not find any reversible error in the bankruptcy court's decision to not hold an evidentiary hearing.

**C.     The Panel will not consider Ms. Zipser's final two points, which are not supported by any cogent argument.**

Finally, two of Ms. Zipser's arguments (that the court erred when it sustained Ocwen's objections to the Zipsers' direct testimony and that the court erred by overruling Ms. Zipser's objection to Ocwen's proof of claim) are each nothing more than a heading and a one-sentence statement of law. Ms. Zipser does not offer any reasoned argument as to the supposed errors, nor does she identify where the errors are found in the record.

As a general rule, a party's brief "must make specific references to the relevant portions of the record. Opposing parties and the court are not obliged to search the entire record, unaided, for error." Tevis v. Wilke, Fleury, Hoffelt, Gould & Birney, LLP (In re Tevis), 347 B.R. 679, 686 (9th Cir. BAP 2006) (internal citations omitted). Moreover, we "will not consider a matter on appeal that is not specifically and distinctly argued in [an] appellant's opening brief. Id. at 690 (citing Affordable Housing Dev. Corp. v. Fresno, 433 F.3d 1182, 1193 (9th Cir. 2006); Price v. Lehtinen (In re Lehtinen), 332 B.R. 404, 410 (9th Cir. BAP 2005)).

Ms. Zipser's final two arguments are neither "specifically and distinctly argued" nor do they "make specific references to

14

the relevant portions of the record." Moreover, Ms. Zipser's decision to not provide us with a copy of the hearing transcript deprives us of the opportunity to review the court's alleged error in sustaining Ocwen's objection to direct testimony. As such, we will not consider these points of alleged error.

**CONCLUSION**

For the reasons set forth above, we conclude that the bankruptcy court did not err in overruling Ms. Zipser's Objection to Claim #3. Accordingly, we AFFIRM.